| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF FLORIDA |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | **Skinny Labs, Inc.** |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-1468176** |
| 4. | **Debtor's address** | **Principal place of business** <br> 392 NE 191st Street <br> #20388 <br> Miami, FL 33179 <br> Number, Street, City, State & ZIP Code <br><br> Miami-Dade <br> County | **Mailing address, if different from principal place of business** <br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor  **Skinny Labs, Inc.**                                                        Case number (*if known*)_____
           Name

**7. Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      **4884**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor **Skinny Labs, Inc.** _____  Case number (*if known*)_____
  Name

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ■ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor _____   Relationship _____
    District _____   When _____   Case number, if known _____

11. **Why is the case filed in *this district*?**  Check all that apply:
    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ■ No
    ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
            Contact name _____
            Phone _____

---

**Statistical and administrative information**

13. **Debtor's estimation of available funds**  .  *Check one:*
    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ■ 200-999
    ☐ 1,000-5,000
    ☐ 5001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

15. **Estimated Assets**
    ☐ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ☐ $1,000,001 - $10 million
    ■ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ☐ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

16. **Estimated liabilities**
    ☐ $0 - $50,000
    ■ $1,000,001 - $10 million
    ☐ $500,000,001 - $1 billion

Debtor **Skinny Labs, Inc.**  Case number (*if known*)
         Name

☐ $50,001 - $100,000           ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000          ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor **Skinny Labs, Inc.**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **December 19, 2023**
MM / DD / YYYY

X **/s/ Christopher Rankin**      **Christopher Rankin**
Signature of authorized representative of debtor      Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Paul Steven Singerman**      Date **December 19, 2023**
Signature of attorney for debtor      MM / DD / YYYY

**Paul Steven Singerman 378860**
Printed name

**Berger Singerman LLP**
Firm name

**1450 Brickell Avenue
Suite 1900
Miami, FL 33131**
Number, Street, City, State & ZIP Code

Contact phone  **305-755-9500**      Email address  **singerman@bergersingerman.com**

**378860 FL**
Bar number and State

**EXHIBIT 1 to Voluntary Petitions**[1]

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| Bird Global, Inc. | 86-3723155 | 12/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Bird Rides, Inc. | 82-1399939 | 12/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Bird US Holdco, LLC | 86-2938390 | 12/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Bird US Opco, LLC | 86-2906873 | 12/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Skinny Labs, Inc. | 81-1468176 | 12/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |

---

[1] For a detailed description of the relationship amongst the Debtors listed herein, please refer to the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings*.

12651582-1

**~~PROPOSED~~ RESOLUTIONS**
**OF THE BOARD OF DIRECTORS OF**
**BIRD GLOBAL, INC.**

**December 18, 2023**

A special meeting of the Board of Directors (the "Board") of Bird Global, Inc., a Delaware corporation (the "Bird Global"), was held on Monday, December 18, 2023, beginning at 5:00 pm, Eastern Time, pursuant to notice duly given.

**I.    Company Financial Position; Potential Transactions**

WHEREAS, the Board has reviewed and considered the operational condition of Bird Global and its subsidiaries (collectively, the "Companies" and each a "Company") on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies;

WHEREAS, the Board has received, reviewed and considered the recommendations of the legal and financial advisors of the Companies as to the relative risks and benefits of pursuing a reorganization under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), and the Board has had an opportunity to consult with the legal and financial advisors of the Companies and has considered each of the strategic alternatives available to the Companies

WHEREAS, the Board has received from certain creditors of the Companies a commitment for debtor-in-possession financing on or about December 19, 2023, for (i) a senior secured super priority debtor-in-possession financing credit facility, and (ii) a subordinated debtor-in-possession loan, in each case to be made to the Sellers in the Bankruptcy Cases (collectively, the "DIP Facility"), the Board has received and reviewed drafts of the credit agreement and other documents relating to the DIP Facility (collectively, the "DIP Credit Agreements", substantially in the form attached as Exhibit A);

WHEREAS, in connection with the Chapter 11 bankruptcy cases, the Board has received and reviewed a draft, and considered entering into the that certain Asset Purchase Agreement, by and among Bird Scooter Acquisition Corp., a corporation formed in Ontario, Canada (the "Buyer"), and Bird Global and certain of its subsidiaries (collectively, the "Sellers") (the "Asset Purchase Agreement", substantially in the form attached as Exhibit B), whereby the Sellers propose to sell, transfer and assign to Buyer, and Buyer proposes to purchase, acquire and assume from the Sellers, the Acquired Assets and Assumed Liabilities (as such terms are defined in the Asset Purchase Agreement), and the Board agrees that the Sellers should obtain the benefits of the Asset Purchase Agreement and desire that the Sellers enter into the Asset Purchase Agreement, subject to any higher and better bids as may be submitted by other interested parties, if any, in accordance with the bid and sale procedures as may be approved by the Bankruptcy Court with jurisdiction over the bankruptcy cases the Companies intend to commence.

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

WHEREAS, in the business judgment of the Board, it is in the best interests of the Companies, their creditors, employees, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of the Bankruptcy Code;

WHEREAS, the Board desires that the Companies file or cause to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Petitions") and the following resolutions are adopted by this Written Consent;

WHEREAS, the Board considered whether certain members of the Board (each a "Director") had a direct or indirect economic interest in parties to the DIP Facility or the Buyer pursuant to the Asset Purchase Agreement and, upon determining that John Bitove, Antonio Occhionero, Kevin Talbot, and Philip Ryan in (the "Interested Directors") had such interests, it was determined that the Interested Directors would abstain from voting on each resolution adopted in respect of the DIP Facility and Asset Purchase Agreement; and

WHEREAS, at a Special Meeting of the Board held on December 11, 2023, the Board voted unanimously to (i) create a "Special Committee" pursuant to Section 4.1 of the Amended and Restated Bylaws of the Company (the "Bylaws"), and (ii) the Special Committee was charged with addressing, considering and determining issues and matters (including proposed transactions and/or agreements) relating to the Company's equity, debt, and other financing by parties, including without limitation, any and all amendments, restatements, modifications, and refinancings or replacements thereof (collectively with such other matters authorized by this Charter or the Board from time to time, the "Potential Transactions").

## II.    Chapter 11 Cases

IT IS THEREFORE RESOLVED, that the Board hereby approves the filing of Petitions on behalf of the Companies in the United States Bankruptcy Court for the Southern District of Florida (collectively, the "Chapter 11 Cases"); and it is further

RESOLVED, that appropriate employees and consultants of the Companies are hereby authorized, directed and empowered (i) to file the Petitions for the Companies, (ii) to commence the Chapter 11 Cases, and (iii) to execute and deliver any and all documents and to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

RESOLVED, that the Board hereby authorizes the sole member of the Special Committee (with full power of delegation) and / or the Chief Restructuring Officer of the Company and / or the interim chief executive officer of the Companies (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Companies, to prepare, execute and/or verify and to cause to be filed, and any other applicable officer, be and each hereby is authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Cases, including but not limited to the Petitions, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, credit agreement(s) and other documents, objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

and other papers or documents), including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

### III. Retention of Professionals

RESOLVED, that the Board hereby approves and ratifies the employment by the Companies of the law firm of Berger Singerman LLP ("Berger Singerman"), to represent the Companies as their general bankruptcy counsel and to assist the Companies in carrying out their duties under the Bankruptcy Code and all related matters, and to take any and all actions appropriate to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with Berger Singerman, pay appropriate retainers to Berger Singerman prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman; and it is further

RESOLVED, that the Special Committee hereby reapproves and ratifies the employment by the Companies of Teneo Capital LLC (the "Restructuring Advisor"), to provide the restructuring and other services detailed therein to the Companies, all pursuant to the retention agreement dated November 27, 2023, and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with Restructuring Advisor, pay appropriate retainers to Restructuring Advisor prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Restructuring Advisor; and it is further

RESOLVED, that the retention of Epiq Corporate Restructuring, LLC (the "Notice and Claims Agent") pursuant to the retention agreement having an effective date of December 7, 2023, the payment of any retainers, and the approval of any matters related thereto, be and hereby are ratified, adopted and approved in all respects as the acts and deeds of the Companies, and the Authorized Officers, and each of them, hereby are authorized and directed to immediately upon and after the filing of the Chapter 11 Cases, execute and cause to be filed an application for authority to retain the Notice and Claims Agent as the Companies' notice and claims agent; and it is further

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers acting alone or in any combination, hereby are, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of such firms; and is further

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

IV. **Debtor-in Possession Financing**

RESOLVED (with the Interested Directors abstaining), that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Companies, (A) to obtain post-petition financing according to the terms negotiated by the senior management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Companies' assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED (with the Interested Directors abstaining), that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreements, and each of the other DIP Facility Documents (as defined below), including the final terms and provisions of the DIP Facility Documents to be negotiated by the Special Committee, and the Companies' incurrence and performance of their obligations under the DIP Facility, the DIP Credit Agreements, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Companies' assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Companies to incur and perform their respective obligations under the DIP Facility and the DIP Credit Agreements and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreements, the "DIP Facility Documents"), in the name and on behalf of the Companies under their seals or otherwise, substantially in the forms presented to the Board, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; and it is further

RESOLVED (with the Interested Directors abstaining), that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED (with the Interested Directors abstaining), that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

contemplated by the DIP Credit Agreements and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

**V.       Asset Purchase Agreement**

RESOLVED (with the Interested Directors abstaining), the Board finds and deems the Asset Purchase Agreement and transactions contemplated thereby (the "Transaction") to be fair to, and desirable and in the best interests of, the Companies and hereby, as described further in the resolutions that follow, authorize and approve in all respects the Asset Purchase Agreement, the Transaction Documents, and the consummation of the Transaction, and it is further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the applicable Companies to incur and perform their respective obligations under the Asset Purchase Agreement and all documents related thereto and/or contemplated thereby (collectively, the "Transaction Documents"), including the final terms and provisions of the Transaction Documents to be negotiated by the Special Committee, subject to any higher and better bids as may be submitted by other interested parties, if any, in accordance with the bid and sale procedures as may be approved by the Bankruptcy Court with jurisdiction over the bankruptcy cases the Companies intend to commence; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, schedules, exhibits, renewals, extensions, replacements, consolidations, substitutions, and extensions of the Asset Purchase Agreement and the Transaction Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Agreement and any of the other Transaction Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

**VI.      General Authorizations and Ratifications**

RESOLVED, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Companies, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guarantees, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Companies under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreements, any other DIP Facility Documents, the Asset Purchase Agreement, and any other Transaction Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guarantees, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Companies, and (iii) incur and pay such fees, expenses

5

and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of each of the Companies, to adopt resolutions and otherwise exercise the rights and powers of the Companies as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the applicable Companies; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

RESOLVED, that these resolutions and actions shall be the actions of the Board, and the Chief Executive Officer of Bird Global is hereby directed to place these resolutions with the records of the proceedings of the Board and with the records of each Company.

*Signature Page To Follow*

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

\*     \*     \*

  Upon execution of this Consent, the undersigned, which represents the members of the Board of Directors attending the December 18, 2023 meeting, hereby direct that this Consent be filed with the records of the Company.

**Attending Board of Directors**

_____
John Ivan Bitove

_____
Robert Komin

_____
Antonio Occhionero

_____
Harvey Tepner

_____
Philip Ryan

_____
Kevin Talbot

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

Exhibit A - DIP Credit Agreements

8

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9

Exhibit B – Asset Purchase Agreement

9

Doc ID: 852ec29d266fdc3ee9d4c9ac497e8024a78b37c9